UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTIA LEMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>ACE HARDWARE CORPORATION, et al.,<br><br>    Defendants. | Case No. 12-cv-03936-JST<br><br>**ORDER GRANTING MOTION FOR ENTRY OF COURT-ENFORCEABLE AGREEMENT**<br><br>Re: ECF No. 37 |

In this right-of-access action under the Americans with Disabilities Act ("ADA") and related state laws, Plaintiff Lemmons moves for the entry of the order titled "Court-Enforceable Settlement Agreement and Release of Plaintiff's Injunctive Relief Claims Only" ("Settlement Agreement") that Lemmons and Defendants Berkeley Hardware and Ace Hardware ("the Ace Hardware Defendants") and their counsel signed during mediation. See ECF No. 28. The Ace Hardware Defendants oppose the motion. As the motion is suitable for determination without oral argument, the hearing scheduled for October 10, 2013, is VACATED. See Civil L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED.

No party disputes that the Settlement Agreeement embodies the agreement the parties reached during a mediation session required by General Order 56. Under the terms of the Settlement Agreement – and upon entry of the its terms as an order – the Ace Hardware Defendants agreed to train their employees, enact certain policy changes, and perform corrective work in the facilities at issue in this action. See ECF No. 28; ECF No. 37, Ex. 2. In exchange, Lemmons agreed to release her injunctive-relief claims. Id.

After mediation, on July 15, 2013, the parties filed a stipulated request for entry of the order plaintiffs now request. During a case management conference held on August 12, 2013, the Court declined to enter the order at that time on the ground that the parties had failed to provide

1    the Court with sufficient information to determine the reasonableness and propriety of the order.

2    Lemmons filed the present motion after the case management conference because the Ace
3    Hardware Defendants refused to join a second stipulated request for entry of the order. See ECF
4    No. 37, Ex. 5. In the motion, Lemmons contends that the entry of the order at issue is necessary
5    because (1) it will establish her prevailing-party status for the purpose of recovering attorney's
6    fees; (2) it will permit the parties to move forward in their settlement discussions and litigation of
7    the remaining issues in the case, namely those pertaining to damages and attorney's fees; (3) it
8    will reduce both the likelihood of unnecessary litigation and the amount of attorney's fees and
9    costs that the parties will expend; and (3) it will ensure that Lemmons and others do not continue
10   to suffer discrimination at the facilities at issue.

11   The Ace Hardware Defendants oppose the motion, arguing that the entry of the order is
12   unnecessary because "the injunctive relief aspect of the case has settled," the corrective work
13   described in the order has been completed, and that Lemmons does not need the order to secure
14   prevailing-party status.   ECF No. 42 at 2-5.

15   The Court concludes that the entry of the order is appropriate. Indeed, the parties
16   expressly agreed to make the settlement and release of these claims contingent on the entry of the
17   order at issue. Defendants do not dispute this salient fact. Moreover, that the corrective work
18   required by the order has been completed does not mean that entry of the order is unnecessary,
19   since the order also imposes continuing obligations on Defendants that are unrelated to the
20   corrective work. See, e.g., ECF No. 37, Ex. 2, Attachment A ¶ 3b (requiring the Ace Hardware
21   Defendants to assist on an ongoing basis disabled persons in identifying and locating items that are
22   available only in the basement and the second floor of the facilities at issue). Finally, the entry of
23   the order will ensure that Lemmons gains prevailing-party status for the purpose of recovering
24   attorney's fees, because the order will create the requisite "material alteration of the legal
25   relationship of the parties" necessary to permit an award of attorney's fees. See Buckhannon Bd.
26   & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)
27   (holding that "enforceable judgments on the merits and court-ordered consent decrees create the
28   material alteration of the legal relationship of the parties necessary to permit an award of

1 attorney's fees") (citation and internal quotation marks omitted).

2     In sum, because no party disputes that the contents of the order at issue reflect the binding agreement that the parties reached during mediation, and that at least some of the obligations delineated in the order are ongoing, Lemmons' motion for entry of the order is GRANTED.

**IT IS SO ORDERED.**

Dated: October 7, 2013

                                              JON S. TIGAR
                                          United States District Judge