# COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND RELEASE OF PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS ONLY

This Court-Enforceable Settlement Agreement and Release of Plaintiff's Injunctive Relief Claims Only (hereinafter the "Agreement") is made and entered into as of this 12th day of July 2013, between Plaintiff PORTIA LEMMONS on behalf of herself, and all her heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest (hereinafter jointly and collectively designated "Plaintiff"), and Defendants ACE HARDWARE CORPORATION and BERKELEY HARDWARE, INC. dba BERKELEY ACE HARDWARE ("BERKELEY HARDWARE"), and their predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, successors, employees, attorneys, insurers, and parent, subsidiary and affiliated companies (hereinafter jointly and collectively designated "Defendants");

WHEREAS BERKELEY HARDWARE is the owner and operator of a hardware store which constitutes a public accommodation located at 2145 University Ave., Berkeley, California (hereinafter referred to as the "Premises"), Ace Hardware Corporation is a franchisor to BERKELEY HARDWARE;

WHEREAS Plaintiff filed, and there is now pending a lawsuit against Defendants entitled <u>Portia Lemmons v. Ace Hardware Corporation, et al.</u> in the United States District Court, Northern District of California, Case No. C12-3936 JST (hereinafter referred to as the "Action"), alleging that Defendants engaged in the denial of civil rights and accessible public facilities to physically disabled persons, and personal injury damages resulting therefrom;

WHEREAS Plaintiff and Defendants (hereinafter the "Parties") desire to settle injunctive relief claims or causes of action that Plaintiff has or may have against Defendants relating to or arising out of this Action and the Premises;

NOW, THEREFORE, in consideration of the agreements and mutual covenants herein provided and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties hereto, the Parties agree as follows:

1.  The Parties agree to the corrective work described in **Attachment A** to this Agreement. BERKELEY HARDWARE will complete all work described

in **Attachment A** and implement all diversity training and employee training policy requirements in **Attachment A** by July 31, 2013.

In the event that unforeseen difficulties prevent BERKELEY HARDWARE from completing any of the agreed-upon injunctive relief, BERKELEY HARDWARE or its counsel will notify Plaintiff's counsel in writing within 5 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to BERKELEY HARDWARE'S ' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. BERKELEY HARDWARE or its counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this Agreement and every 90 days thereafter until all corrective work is completed.

If BERKELEY HARDWARE fails to provide injunctive relief on the agreed upon timetable and/or fails to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney fees from Defendants for any compliance work necessitated by BERKELEY HARDWARE'S failure to keep this Agreement. If the Parties disagree, such fees shall be set by the Court.

2. In consideration of the foregoing, Plaintiff for herself, her heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest hereby releases, acquits and discharges Defendants and their predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, employees, attorneys, insurers, and parent, subsidiary and affiliated companies, from any and all injunctive claims relating to or arising out of the Action and the Premises.

3. The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs. These matters will be the subject of future negotiation or litigation as necessary. The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved.

4. The Parties hereby waive against each other all rights under Section 1542 of the California Civil Code or any analogous state, local, or federal law, statute, rule, order or regulation. California Civil Code Section reads as follows:

> GENERAL RELEASE – CLAIMS EXTINGUISHED. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her, must have materially affected his or her settlement with the debtor.

Understanding the language of Civil Code section 1542 and being fully aware of the legal effect of the statute, the Parties nevertheless expressly and specifically waive any and all rights or remedies provided by Civil Code section 1542, or any analogous state, local or federal law, statute, rule or order or regulation. This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs. Claims for indemnification or contribution between the Defendants are expressly preserved and are not waived by this Agreement.

5. This Agreement and **Attachment A** are the product of negotiation by and among the Parties hereto and their respective attorneys, and therefore this Agreement and attachments shall not be deemed to have been prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

6. This Agreement and **Attachment A** shall be interpreted in accordance with and in all respects governed by the laws of the State of California.

7. Plaintiff and Defendants have each carefully read this Agreement and **Attachment A** and understand its content and sign it freely and voluntarily having had the ability to consult with their attorneys concerning its terms.

8. Plaintiff affirms that the only consideration for her execution of this Agreement are the terms stated above; that no other promise or agreement of any kind has been made to Plaintiff to cause her to execute this Agreement; that she is competent to execute this Agreement; that her agreement to execute this Agreement has not been obtained by any duress; and that she fully understands the meaning and intent of this document which is that it constitutes a complete Agreement.

9. The Parties further agree that this Agreement shall be binding upon them and their heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest. Plaintiff warrants that she has not assigned any portion of her claim against Defendants to any person or entity and further warrants that no person, including relatives, has any right to Plaintiff's claims against Defendants.

10. The Parties further understand and agree that this Agreement and the settlement contained herein is a compromise of doubtful and disputed claims. It is understood that the Defendants have denied and do deny, any wrongdoing despite any allegations to the contrary, and that no past or present wrongdoing shall be implied from any of the consideration, negotiations, or entry into this Agreement.

11. In the event that a portion or portions of this Agreement are adjudicated to be invalid, such portions that are not invalid shall remain in full force and effect.

12. This Agreement and **Attachment A** contain the entire agreement between Plaintiff and Defendants, and the terms of this Agreement are contractual and not a mere recital. No other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Agreement and **Attachment A**, shall be enforceable regarding the matters described herein.

13. The Parties agree that the Court in the Action shall maintain jurisdiction to enforce this Agreement and to adjudicate Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.

14. This Agreement may be executed in counterparts and all so executed shall constitute one Agreement which shall be binding upon all Parties hereto, notwithstanding that all Parties' signatures do not appear on the same page. Facsimile signatures shall have the same force and effect as original signatures.

**END OF PAGE**

**SIGNATURES CONTINUE ON THE NEXT PAGE.
AND ORDER IS AT THE END OF THE DOCUMENT.**

APPROVED:

Dated: July 12, 2013          PLAINTIFF PORTIA LEMMONS

*[signature: Portia Lemmons]*
_____
PORTIA LEMMONS


Dated: July 12, 2013          DEFENDANT ACE HARDWARE CORPORATION

By: _____
Print name:_____
Title: _____


Dated: July 12, 2013          BERKELEY HARDWARE, INC. dba BERKELEY ACE
                              HARDWARE

By: _____
Print name:_____
Title: _____

APPROVED AS TO FORM:

Date: July 12, 2013  LAW OFFICES OF PAUL L. REIN

_____
By CATHERINE CABALO, Esq.
Attorneys for Plaintiff
PORTIA LEMMONS

Date: July 12, 2013  BARABAN & TESKE

_____
James S. Link
Counsel for Defendant Berkeley Hardware, Inc., dba Berkeley Ace Hardware and Ace Hardware Corporation

APPROVED:

Dated: July 12, 2013    PLAINTIFF PORTIA LEMMONS

_____

PORTIA LEMMONS


Dated: July 12, 2013    DEFENDANT ACE HARDWARE CORPORATION

By: _Virginia Carpenter_ (signature)
Print name: Virginia Carpenter
Title: Indemnified by Berkeley Hardware, Inc.


Dated: July 12, 2013    BERKELEY HARDWARE, INC. dba BERKELEY ACE HARDWARE

By: _Virginia Carpenter_ (signature)
Print name: Virginia Carpenter
Title: President

APPROVED AS TO FORM:

Date: July 12, 2013                     LAW OFFICES OF PAUL L. REIN

---

By CATHERINE CABALO, Esq.
Attorneys for Plaintiff
PORTIA LEMMONS

Date: July 12, 2013                     BARABAN & TESKE

*/s/ James S. Link*

James S. Link
Counsel for Defendant Berkeley Hardware, Inc., dba Berkeley Ace Hardware and Ace Hardware Corporation

## ORDER

Pursuant to the above Court-Enforceable Settlement Agreement and Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement and Release for eighteen (18) months after the date of entry of this Order by the Court, or until all injunctive relief is completed and payment for Plaintiff's damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

Dated: October 30, 2013

_____
Honorable JOHN S. TIGAR
United States District Court Judge

Portia Lemmons v. Ace Hardware Corporation, et al.
Case No. 12-03936 JST
United States District Court, Northern District of California

Defendant Berkeley Hardware, Inc. dba Berkeley Ace Hardware ("BERKELEY HARDWARE") agrees to undertake and complete the following remedial work at the Berkeley Ace Hardware store located at 2145 University Avenue, Berkeley, CA (hereinafter the "Store") Unless expressly stated otherwise, all work described below will fully comply with 2010 ADA Standads ("ADAS") and the California Building Code Title 242 ("CBC").

**1. Exterior Parking and Path of Travel**

   a. Create one designated van-accessible parking space as per CBC/ADAS standards – Plaintiff Portia Lemmons waives stall length requirements (i.e. current length of stall at 15' is acceptable)

   b. Provide a "Towing Notification" sign visible from each designated accessible parking space or at each entrance to the parking lot as per CBC standards.

   c. Provide a 36" x 36" ISA signage painted in the rear of each designated accessible parking space as per CBC standards.

   d. Paint 12" high "NO PARKING" on the access aisle as per CBC standards.

   e. Post "Minimum Fine" signage as per CBC standards.

**2. Entrance/Common Areas**

   a. Post an ISA sign at the entrance as per CBC standards.

   b. Provide a bell at a height compliant with CBC/ADAS standards and signage at the key service counter.

    c.    Remove all merchandise "end caps" located furthest east and furthest west in the store (i.e. merchandise racks/displays at the end of each aisle) on the ground and basement levels of the store and keep aisles clear by removing items obstructing accessible paths of travel.

    d.    Insure there are no obstructions to the door to the elevator at the ground and basement levels. Insure elevator is operated at all times by BERKELEY HARDWARE employees and no patrons are allowed to operate the elevator on their own. BERKELEY HARDWARE employees will be trained to alert ambulatory impaired customers that the elevator is available for their use.

## 3. Equivalent Facilitation for Basement and 2nd floor Merchandise

    a.    Provide a catalogue of inventory items available on the Basement and 2nd floor at a location inside the store accessible to wheelchair users. The catalogue will list generally what items are available on each floor.

    b.    Provide assistance in identifying, locating and showing to disabled persons of items from the catalogue referenced in subpart (a) of this section that are available only in the Basement and on the 2nd Floor.

## 4. Employee Training

    a.    All BERKELEY HARDWARE staff will receive specific training focused on how to interact with the disabled public with respect and in compliance with federal and state laws regarding disability discrimination. This training shall include but not be limited to training regarding interaction with persons with speech impediments and wheelchair users. This training shall also highlight that it is unacceptable to direct a disabled patron to wait in one location of the Store for assistance or otherwise restrict the

    disabled patron's access to the Store. This employee training must be completed on or before July 31, 2013.

  b.  Plaintiff will be treated as a welcome guest at the Store on the same basis as any other patrons. BERKELEY HARDWARE and their employees/agents will not retaliate against Plaintiff or any of Plaintiff's guests/companions in any way as a result of the incidents alleged or the claims raised in Plaintiff's' Complaint or otherwise engage in conduct which may violate 42 U.S.C. § 12203 (former section 503) of the Americans with Disabilities Act.