UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTIA LEMMONS,<br>    Plaintiff,<br>v.<br>ACE HARDWARE CORPORATION, et al.,<br>    Defendants. | Case No. 12-cv-03936-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND ANSWERS**<br>Re: ECF No. 41 |

In this right-of-access action under the Americans with Disabilities Act ("ADA") and related state laws, Defendants Berkeley Hardware and Ace Hardware move under Federal Rule of Civil Procedure 15 for leave to file an amended answer that asserts a new defense premised on the applicability of the statute of limitations to some of Plaintiff Lemmons' claims. Lemmons opposes the motion.

For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

Lemmons filed this action on July 26, 2012, against Ace Hardware Corporation, Berkeley Hardware, Inc., and EQR-Acheson Commons Limited Partnership ("Defendants"). ECF No. 1. Lemmon alleges that she is a disabled person within the meaning of the ADA. The gravamen of the complaint is that Berkeley Ace Hardware's facilities are inaccessible to disabled persons in violation of the Americans with Disabilities Act and related state statues. Defendants own, lease, or operate the Berkeley Ace Hardware facilities at issue.

Lemmons asserts three claims against Defendants: (1) denial of equal access to public facilities in violation of California Health and Safety Code §§19955; (2) violations of the Unruh Act; and (3) violations of the ADA. Lemmons seeks injunctive relief, damages, and attorney's

1   fees and costs in connection with her claims.

2   Berkeley Hardware filed its answer on August 28, 2012.  ECF No. 8.  Ace Hardware filed
3   its answer on October 26, 2012.  ECF No. 17.  EQR-Acheson filed its answer on August 28, 2012.
4   ECF No. 11.

5   Defendants Berkeley Hardware and Ace Hardware ("the moving defendants") now move
6   to file an amended answer that asserts a new defense based on the statute of limitations in
7   California Code of Civil Procedure § 335.1.  Section 335.1 provides that the time for commencing
8   an action "for assault, battery, or injury to, or for the death of, an individual caused by the
9   wrongful act or neglect of another" is "within two years."  Cal. Code Civ. P. § 335.1.

10   The proposed defense provides as follows:

> Defendants are informed and believe and on that basis allege that some or all of the claims asserted by plaintiff are barred by the statute of limitations contained in Code of Civil Procedure § 335.1 in that plaintiff has encountered the alleged access barriers since 2004 and was therefore on notice of her purported cause of action at that time.

15   ECF No. 41, Ex. 1 ¶ 21.

16   The moving defendants argue that their proposed amendment was precipitated by their
17   discovery that Lemmons had been an Ace Rewards Card member since 2004.  This discovery took
18   place during the mediation process and after the moving defendants filed their operative answers.

19   Lemmons opposes the motion, arguing that her claims are not barred by the statute of
20   limitations in Section 335.1 and that the motion is untimely.

21   **II.    LEGAL STANDARD**

22   Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a
23   matter of course" within 21 days of serving it or within 21 days after a response to it has been
24   filed.  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the
25   opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  A district court
26   "should freely give leave" to amend a pleading "when justice so requires."  Id.  "Four factors are
27   commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith,
28   undue delay, prejudice to the opposing party, and futility of amendment."  DCD Programs, Ltd. v.

2

1 Leighton, 833 F.2d 183, 186 (9th Cir.1987) (citation omitted). "Not all of the factors merit equal
2 weight . . . it is the consideration of prejudice to the opposing party that carries the greatest
3 weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The
4 party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at
5 187. Generally, a court must make the determination of whether to grant leave "with all
6 inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th
7 Cir. 1999).

**III.  DISCUSSION**

The Court concludes that leave to amend is appropriate, as Lemmons has not shown that the addition of the proposed defense would cause her to suffer prejudice, is futile, was made in bad faith, or is untimely. Accordingly, moving defendants' motion is GRANTED.

**A.  Prejudice**

"Prejudice is the touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation and internal quotation marks omitted). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187.

In her response, Lemmons does not contend that she would be prejudiced by the proposed amendment. Instead, she argues that her claims are not barred by Section 335.1 because the allegations in the complaint are limited to the injuries and discrimination she has suffered within the last two years. See ECF No. 45 at 3-5 (citing Compl. ¶¶ 15-18, 22). She also argues that the Court would set a "terrible precedent" if it granted leave to amend the answers, because doing so would bar a plaintiff who was "discriminated against in the past" from bringing a claim of discrimination for current discrimination. Id. at 7.

The moving defendants respond that Lemmons will not suffer any prejudice if their motion is granted because Defendant EQR-Acheson Commons pleaded a statute-of-limitations defense in its answer, which placed Lemmons on notice that such defense would be at issue in this action. See ECF No. 11 at 7.

The Court concludes that this factor weighs in favor of granting leave, as Lemmons has not

met her burden to establish prejudice. Lemmons' arguments improperly conflate the effect and timing of the proposed answer with the merits of the defenses asserted in that answer. The question of whether the proposed defense is meritorious is a question of fact that is not currently before the Court. Moreover, the proposed amendment is unlikely to case prejudice to Lemmons for two reasons. First, this action is its early stages. Cf. Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (affirming denial of leave to amend on the ground that "[t]rial was only two months away, and discovery was completed"). Second, the proposed defense does not alter the basis or course of this action, as Defendant EQR Acheson pleaded a statute-of-limitations defense in its answer more than a year ago. Cf. M/V Am. Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial of leave to amend when "[t]he new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery").

### B. Futility of Amendment

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Here, Lemmons has not offered any evidence or argument to show that the proposed defense is futile. As discussed above, her arguments are aimed at attacking the merits of the proposed defense and thus presume that the defense is viable. Accordingly, this factor weighs in favor of granting leave.

### C. Bad Faith

Because Lemmons has not provided any evidence or argument that the motion at issue is brought in bad faith, this factor also weighs in favor of granting leave.

### D. Undue Delay

Lemmons also argues that this motion is untimely because (1) the moving defendants have known of the availability of the statute-of-limitations defense since EQR Acheson pleaded this defense in its answer more than a year ago; and (2) the moving defendants provide no explanation as to why they seek to assert this defense at this point in the litigation, which is after the parties

participated in mediation and reached a partial settlement as to injunctive relief.

The moving defendants respond that this motion is not tardy, because Lemmons will have adequate time to "address" this defense given that discovery in the action has not yet begun and trial is scheduled for August 25, 2014. They also argue that the timing of their motion is not problematic because they discovered the viability of the proposed defense during the course of mediation and after they filed the operative answer.

The Court concludes that this factor weighs in favor of granting leave, as Lemmons has not established that the motion is untimely. Lemmons will have ample time to conduct discovery on the defense given the early stage of the case. Moreover, the moving defendants have justified the timing of their motion by asserting that they discovered facts during mediation that support the viability of the proposed defense.

## IV. CONCLUSION

The moving defendants' motion for leave to amend is GRANTED. The moving defendants may file the proposed answer attached to their motion within seven days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: November 3, 2013

_____
JON S. TIGAR
United States District Judge

5