UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTIA LEMMONS, | No. C-12-03936 (JST) DMR |
| Plaintiff, | **ORDER ON JOINT DISCOVERY LETTER [DOCKET NO. 87]** |
| v. | |
| ACE HARDWARE CORPORATION ET AL., | |
| Defendants. | |

On May 19, 2014, Plaintiff Portia Lemmons and Defendants Ace Hardware Corporation, Berkeley Hardware, Inc., and EQR-Acheson Commons LLP filed a joint letter brief regarding their discovery disputes. [Docket No. 87 (Joint Letter).] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and issues the following rulings.

**I. Discussion**

On April 14, 2014, the parties filed a joint letter brief in which Plaintiff moved to compel Defendant Berkeley Hardware, Inc. ("Berkeley Hardware") to produce certain documents and Defendant EQR-Acheson Commons LLP ("EQR") to produce a Federal Rule of Civil Procedure 30(b)(6) witness for deposition. [Docket No. 74.] The court conducted a hearing on the matter and issued an order on April 25, 2014 granting in part and denying in part Plaintiff's motion to compel.

[Docket No. 78.] The parties' present dispute centers around two portions of the court's April 25, 2014 order. The court will address each in turn.

### A. Employee Handbook

The court ordered Berkeley Hardware to produce the cover page and table of contents of its employee handbook, along with its mission statement and section on operational policies. The court also ordered the parties to meet and confer regarding the production of other policies or sections of the handbook which Plaintiff believes are relevant to her claims. After receiving the table of contents for the employee handbook, Plaintiff requested Berkeley Hardware produce a number of additional sections. Berkeley Hardware confirmed its production of a number of the requested sections, but refuses to produce the following four sections: 2-2 Work Schedules and Routine; 2-12 Open-Door Policy; 3-1 Rules of Conduct; and 3-10 Employee Parking. Berkeley Hardware contends that the requested sections are not relevant to Plaintiff's claims.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

The court orders Berkeley Hardware to produce the employee handbook sections on Work Schedules and Routine, Rules of Conduct, and Employee Parking. The Work Schedules and Routine section of the employee handbook may address employee coverage, daily tasks, and the coordination of completion of daily tasks between employees, which may bear on how employees are trained to interact with customers. Similarly, the Rules of Conduct section may be relevant to employee training. These sections are relevant to Plaintiff's discrimination claims based on her treatment by Berkeley Hardware employees, as Plaintiff claims that Defendants discriminate against

her by requiring her to wait while items are brought to her instead of allowing her to shop independently and by treating her as if she has a cognitive impairment.

As to the Employee Parking section, this section is relevant because one of Plaintiff's architectural barrier challenges is based on Berkeley Hardware's lack of accessible parking. Berkeley Hardware argues that the employee parking policy is irrelevant, citing *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir. 1993).  In *Kornblau*, the disabled plaintiff claimed that the ADA entitled her to park in a private lot reserved for senior government officials, even though she was not a county employee.  The Eleventh Circuit found that the ADA did not support her claim, holding that "nothing in the [ADA], its purpose, or the regulations can reasonably be read to give disabled parkers access to areas that would not be available to them if they were not disabled." *Id*.  However, *Kornblau* is distinguishable, because in that case, the plaintiff was seeking access to something to which non-disabled, non-government employees did not have access.  Here, Plaintiff challenges the lack of accessible parking in a lot otherwise available to the public. (*See* Compl. ¶¶ 13, 22.)  The rules regarding employee parking are thus relevant to this claim.

The court denies Plaintiff's request for production of the Open-Door Policy section of the handbook, as Plaintiff has not shown how this section is relevant to her claims.  Plaintiff argues that the Open-Door Policy may address conflict resolution, but Berkeley Hardware contends (and Plaintiff does not dispute) that she never made a complaint about her treatment at the store to any Berkeley Hardware employees.  (Joint Letter 5.)

Berkeley Hardware shall produce the Work Schedules and Routine, Rules of Conduct, and Employee Parking sections of its employee handbook within seven days of this order.

### B.     EQR's 30(b)(6) Witness

The court ordered EQR to produce a 30(b)(6) witness to testify about whether EQR's other properties are accessible, its policies and practices regarding evaluation of disabled access, its purchase of the subject property, and its policies for providing access to the disabled at its other properties.  The court limited Plaintiff's inquiry into other EQR properties to its commercial properties in California from 2008 to the present.

According to Plaintiff, after multiple inquiries EQR has not yet identified its 30(b)(6) witness(es), and as of the parties' latest meet and confer, EQR asserted that it was still trying to evaluate which properties meet the limitations described in the court's order. In response, EQR argues (as it did in the first joint letter) that producing a 30(b)(6) witness is unnecessary because Plaintiff already has testimony and documents relevant to these issues. EQR asks the court to reconsider its order requiring it to produce a 30(b)(6) witness on these topics. (Joint Letter 8.)

The court finds that EQR's request for reconsideration of its April 25, 2014 order is untimely. Any motion for relief from a nondispositive pretrial order by a Magistrate Judge must be filed before the District Judge within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.[1] Therefore, any objection to the court's order was due by May 9, 2014. Moreover, EQR does not present any argument or evidence that was not before the court in connection with the first joint letter; it simply re-argues its previous position. Having considered the parties' arguments, the court declines to revisit its prior ruling. EQR shall identify to Plaintiff its 30(b)(6) witness(es) within seven days of this order.

## II. Conclusion

For the reasons stated above, within seven days of this order Berkeley Hardware shall produce additional documents to Plaintiff and EQR shall identify its 30(b)(6) witness(es).

IT IS SO ORDERED.

Dated: May 30, 2014



DONNA M. RYU
United States Magistrate Judge

---

[1] Civil Local Rule 7-9 governs motions for reconsideration of any interlocutory order. However, the commentary to that rule provides that the rule "does not apply to motions for reconsideration of a Magistrate Judge's order pursuant to 28 U.S.C. § 636(b)(1)(A)." N.D. Civ. L.R. 7-9 (Commentary). Parties seeking relief from a Magistrate Judge's nondispositive pretrial order must instead proceed pursuant to Civil Local Rule 72-2. *See id.*